AO 106 (Rev. 01/09) Application for a Search Warrant

SEALED

CLERK'S OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED

MAR 28 2019

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

# UNITED STATES DISTRICT COURT
for the
Western District of Virginia

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* ) Case No. 1:19mj42
13490 Kingston Lane )
Bristol, VA )
)

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that there is now concealed on the following person or property located in the ___Western___ District of ___Virginia___ *(identify the person or describe property to be searched and give its location):* 13490 Kingston Lane, Bristol, VA - to include the residence, curtilage, garages, outbuildings, campers, persons present, and vehicles present. Attachment A consists of a photograph of the residence.

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized):* See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of ___21___ U.S.C. § ___846/841(a)(1)___, and the application is based on these facts: See Attachment C and/or 841(a)(1)

☑ Continued on the attached sheet.

☐ Delayed notice of ___ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
Applicant's signature

Brian Snedeker, Special Agent
Printed name and title

Sworn to before me and signed in my presence.

Date: 3/28/19

_____
Judge's signature

City and state: Abingdon, Virginia

Pamela Meade Sargent, USMJ
Printed name and title

# ATTACHMENT A



13490 Kingston Lane, Bristol, VA

# ATTACHMENT B

1. Heroin, heroin distribution paraphernalia including (but not limited to) scales, cutting material, plastic baggies, wrapping material; electronic communication devices (such as cellular telephones) that are used to communicate with other drug traffickers/co-conspirators; electronic equipment used for counter-surveillance to include video surveillance systems and related DVRs (digital video recorders), scanners, and anti-bugging devices.

2. Firearms, including but not limited to handguns, rifles, and shotguns that are commonly used by individuals to protect controlled substances and related drug proceeds/assets. Firearms, oftentimes stolen, are also routinely bartered in exchange for controlled substances.

3. Books, records, ledgers, notes, and videos pertaining to the illicit distribution, purchasing, and transporting of heroin.

4. Messages, letters, telephone numbers, and addresses relating to customers, suppliers, and other co-conspirators involved with the illicit distribution, purchasing, and transporting of heroin. These messages, letters, telephone numbers, and addresses may be written on personal calendars, personal address and /or telephone books, Rolodex type indices, notebooks, loose pieces of paper, and found in mail.

5. Photographs and videos depicting heroin, drug distribution paraphernalia, substantial assets, co-conspirators, and persons with heroin.

6. Books, ledgers, receipts, bank statements, cashier's checks, and other items evidencing the acquisition, secreting, transferring and/or concealment of assets or the expenditure of narcotics proceeds.

7. Items or articles of personal property tending to show ownership, dominion, or control of the premises/property/vehicles. Such items or articles include (but are not limited to) personal identification, personal correspondence, diaries, checkbooks, notes, photographs, keys, receipts, mail, personal telephone and address books, videos, and motor vehicle related documents (titles/registrations).

8. Large amounts of currency (exceeding $1000.00).

9. Items listed in Paragraphs 3 through 7 may be stored in digital media. Therefore, digital media (including but not limited to computers/computer hard drives, digital video recorders (DVRs), floppy disks, CD's, flash/jump drives, personal digital assistants (PDA's), cellular telephones/smartphones, digital cameras, iPODs, iPADs, etc.) are to be seized and examined for the items listed in Paragraphs 3 through 7.

ATTACHMENT C

AFFIDAVIT of
Special Agent Brian Snedeker
Drug Enforcement Administration
Bristol, Virginia

1. I, Special Agent Brian Snedeker, being duly sworn hereby depose and say:

2. The purpose of this application and affidavit is to secure a search warrant for the premises known as 13490 Kingston Lane, Bristol, VA. This affiant, after obtaining and reviewing information, believes there is evidence of distribution of heroin and/or conspiracy to distribute heroin at 13490 Kingston Lane, Bristol, VA in violation of 21 USC 841(a)(1) and 846/841(a)(1).

3. I am a Special Agent with the Drug Enforcement Administration (DEA) and have been so employed for approximately (27) years. During my employment I have received comprehensive classroom training from the Drug Enforcement Administration in specialized narcotic investigative matters including but not limited to drug interdiction, drug manufacturing, drug detection, drug smuggling, money laundering techniques and schemes, and the investigation of individuals and organizations involving the smuggling and illicit trafficking of controlled substances (including heroin). I have participated in the investigations and subsequent arrests of individuals involved with the smuggling and/or trafficking of heroin (a Schedule I Controlled Substance). I have also executed hundreds of search warrants related to the trafficking of controlled substances (including heroin).

4. The facts set forth in this affidavit are known to me as a result of information provided to me by other law enforcement officers and a reliable source of information. Any reference to the gender of any unnamed persons mentioned within this affidavit does not necessarily reflect the true gender of said persons.

5. During 2018, a reliable source of information (hereafter referred to as "SOI") advised this affiant that Roy Strouth is involved with the distribution of controlled substances and possesses a number of firearms at his (Strouth's) residence (described and subsequently identified as being located at 13490 Kingston Lane, Bristol, VA). The SOI claimed that she observed multiple multi-gallon containers of controlled substances (cocaine and methamphetamine) at Strouth's residence during 2018.

    The SOI is an admitted drug user who has provided law enforcement with information/assistance in the past that resulted in multiple seizures of methamphetamine (including one seizure of approximately (2) pounds of methamphetamine), the seizure of a firearm, and the arrests and convictions of multiple defendants.

6. During March 2019, a heroin customer of Roy Strouth was overheard by law enforcement speaking to an individual to whom the customer advised that Roy Strouth is selling a lot of heroin. The heroin customer was also overheard stating that Roy Strouth re-ups/obtains heroin from his heroin source of supply on a daily basis.

7. During March 2019, a reliable confidential source (hereafter referred to as "CS") successfully performed/participated in multiple controlled purchases/acquisitions (monitored, surveilled, and recorded by law enforcement) of heroin on the premises of 13490 Kingston Lane, Bristol, VA. During each of the transactions, the CS or an unwitting individual took recorded funds (serial numbers of paper U.S. Currency recorded by law enforcement) to the residence of Roy Strouth and returned (to a vehicle on the premises in which the CS and/or an unwitting individual were travelling) with heroin. The last such controlled purchase/acquisition of heroin at 13490 Kingston Lane, Bristol, VA occurred within the last (8) days. The CS previously advised law enforcement that he was aware of Roy Strouth traveling out-of-state on a daily basis in order to obtain heroin for resale and that heroin could be purchased from Strouth at his residence (13490 Kingston Lane, Bristol, VA).

   The reliable CS has successfully performed numerous controlled purchases of controlled substances.

8. A review by this affiant of Roy Strouth's criminal history revealed the following:

   - During 1993, Strouth was charged with Possession of Marijuana for Resale and other offenses. Disposition unknown.

   - During 1998, Strouth was charged with possession of a controlled substance and other charges. Disposition unknown.

   - During 1999, Strouth was charged with Possession With Intent to Distribute a controlled substance and other offenses. Strouth was subsequently convicted of possession of a controlled substance (not marijuana).

   - During 1999, Strouth was convicted of felony Distribution of Marijuana.

   - During January 2002, Strouth was charged with Possession of Cocaine for Resale and other offenses. The disposition is unclear, however, criminal history data indicates that several months later Strouth was at a state prison facility in relation to Schedule II drugs (cocaine is a Schedule II Controlled Substance) and other offenses.

9. This affiant is aware based on his training, experience, and conversations with other law enforcement officers that individuals who distribute and/or conspire to distribute heroin typically maintain heroin, heroin distribution paraphernalia (small, plastic, Ziploc-type baggies, digital scales, etc.), notes, records, messages, and telephone numbers (pertaining to heroin trafficking related contacts/co-conspirators/customers), and other items as listed and explained on Attachment B (of the Application and Affidavit for Search Warrant to which this affidavit is attached) on their persons, inside their residences (and the residences/distribution locations they utilize for narcotics trafficking purposes) and related garages, outbuildings/barns, campers, vehicles (or the vehicles they operate), and inside of vehicles registered to other persons when those vehicles are parked at or in the immediate vicinity of the trafficker's/conspirator's residence/property/distribution location.

10. This affiant is aware based on his training, experience, and conversations with other

law enforcement officers that persons who distribute and/or conspire to distribute heroin routinely have individuals who are customers and/or co-conspirators present at their residences (and the residences/distribution locations they utilize for narcotics trafficking purposes) and related, garages, outbuildings/barns, and campers. These customers/co-conspirators are typically drug users and drug traffickers themselves as they generally sell some (if not all) of the heroin they purchase in order to make a profit, pay for their own drug habits, or both. These customers/co-conspirators often illegally possess heroin and drug use paraphernalia along with notes, records, messages, and telephone numbers (pertaining to the acquisition/distribution of heroin), and other items as listed and explained on Attachment B (of the Application and Affidavit for Search Warrant to which this affidavit is attached) on their persons and in their vehicles (or the vehicles they operate) which are oftentimes parked at or in the immediate vicinity of their sources'/co-conspirators' residences/properties/distribution locations.

11. This affiant, on multiple occasions during the last several years, has had drug traffickers and/or manufacturers destroy/attempt to destroy evidence (controlled substances and/or mixtures containing controlled substances) of drug distribution and/or manufacturing during the execution of federal search warrants. During these incidents, once the drug trafficker/manufacturer became aware of a law enforcement presence at his/her residence for the purpose of executing a search warrant, the trafficker quickly and easily disposed/attempted to dispose of controlled substances and/or related mixtures by flushing same down a toilet or rinsing same down a sink inside the residence. In one particular incident during 2019, this affiant had reliable information that a methamphetamine trafficker possessed multiple gallon sized Ziploc-type plastic bags that each contained multiple pounds of methamphetamine. By the time law enforcement officers reached the trafficker's master bathroom during the execution of a federal search warrant at the trafficker's residence, they found methamphetamine residue/crystals scattered about the floor around the toilet and (2) one gallon Ziploc-type bags laying next to the toilet with one bag containing residue and the other containing approximately (1) ounce of methamphetamine. In that particular incident, this affiant believes multiple pounds of methamphetamine were successfully flushed down the toilet by the methamphetamine trafficker before he retreated to another room in the house where he was subsequently apprehended.

    Based upon the above, this affiant believes there is reasonable suspicion that knocking and announcing the presence of law enforcement officers at the time of the execution of this search warrant would result in the destruction or attempted destruction of evidence (heroin) by the occupant(s) of the residence.

12. Roy Strouth's known residence is 13490 Kingston Lane, Bristol, VA.

13. Based upon the facts set forth above, I believe there is probable cause for the issuance of a search warrant for the premises known as 13490 Kingston Lane, Bristol, VA (located within the Western District of Virginia) as there is probable cause to believe that there is evidence of a violation of 21 USC 841(a)(1) and 846/841(a)(1) at said premises.

_____  3-28-2019
Brian Snedeker, Special Agent (DEA)        Date

Subscribed and sworn to before me, this the 28th day of March, 2019 in Abingdon, Virginia.

_____
Pamela Meade Sargent
United States Magistrate Judge
Western District of Virginia


Seen by:


_____/s/ Cagle Juhan_____     03/27/2019
Cagle Juhan, AUSA              Date